

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JOHANNA E LANE
Vs.                                               C.A. No.     2014 CA 001012 B
CITY SEGWAY TOURS OF WASHINGTON, DC

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge MICHAEL O'KEEFE
Date: February 20, 2014
Initial Conference: 9:15 am, Friday, May 23, 2014
Location: Courtroom B-52
          510 4th Street, NW
          WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

LANE, JOHANNA
_____
Plaintiff

14 - 0001012

vs.

Case Number _____

CITY SEGWAY TOURS OF WASHINGTON, D.C., LLC
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

MATTHEW A. NACE
_____
Name of Plaintiff's Attorney

1615 NEW HAMPSHIRE AVE., NW
_____
Address
WASHINGTON, DC 20009

202-463-1999
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date  2/20/14

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011

CASUM.doc



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                    Demandante
                    contra
                                                    Número de Caso: _____

_____
                                    Demandado

**CITATORIO**

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                    *SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante
_____
                                                    Por: _____
Dirección
_____                    Subsecretario
_____
                                                    Fecha _____
Teléfono
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

    Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
Civil Division

**JOHANNA E. LANE,**
4987 Lost Mountain Trace
Kennesaw, GA 20152

   Plaintiff,

v.

**CITY SEGWAY TOURS OF WASHINGTON, D.C.,**
502 23rd Street, NW
Washington, DC 20037

  *Serve:*
  CT Corporation Systems
  1015 15th Street, NW
  Suite 1000
  Washington, DC 20005

   Defendant.

Case No.

14 - 0001012

RECEIVED
Civil Clerk's Office

FEB 20 2014

Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT

**COMES NOW,** Plaintiff Johanna Lane, by and through the undersigned counsel, and files this Complaint, and for this cause of action states:

## JURISDICTION

1. Jurisdiction of this court is invoked pursuant to D.C. Code § 11-921, and by virtue of the fact that all acts and omissions complained of occurred within the District of Columbia.

2. This Court has personal jurisdiction over Defendant pursuant to D.C. Code § 13-423(a) and § 13-422.

3. Venue lies in this court since the cause of action arose in the District of Columbia.

## PARTIES

4. Plaintiff Johanna Lane (hereinafter "Plaintiff") is and, at all times relevant hereto, was an adult resident of the State of Georgia.

5. Defendant City Segway Tours of Washington D.C., LLC (hereinafter "Defendant") is and, at all times relevant hereto, was a foreign company incorporated in the State of Delaware and doing business in the District of Columbia.

## BACKGROUND

6. On April 30, 2012, Plaintiff and her husband were on vacation in the District of Columbia.

7. On April 30, 2012, Plaintiff and her husband purchased tickets to take a tour of the city from Defendant.

8. Defendant advertised its tours as being conducted on Segway machines.

9. Defendant further advertised that prior to conducting the tour, all patrons would be given instruction on how to properly use a Segway machine.

10. Plaintiff and the tour group were escorted to an alley way behind the Defendant's building and given Segway machines to operate. The alley way was slopped and not flat.

11. Plaintiff got onto the Segway machine presented to her.

12. Exercising due care and caution at all times on the machine, Plaintiff attempted to move the Segway forward and then stop the machine.

13. However, the machine would not stop for reasons unknown to Plaintiff and her Segway machine "drove" into the back of the Segway that her husband was on.

14. Plaintiff then fell to the ground; however, her ankle was trapped in the Segway machine.

15. Plaintiff was taken by EMS personnel to George Washington University Hospital where she was diagnosed with a right distal tibia/fibula fracture with an intra-articular split.

16. Plaintiff underwent surgical intervention for the fracture and was admitted to George Washington University Hospital until discharge on May 2, 2012.

17. Plaintiff continued to undergo treatment for her injuries once she returned home in Georgia.

18. Plaintiff has and will continue to incur economic damages and non-economic damages as a result of her injuries.

## COUNT I
### (Negligence)

19. Plaintiff incorporates by reference herein all preceding paragraphs.

20. Defendant and its agents, servants, and employees owed a duty of care to Plaintiff including but not limited to instruct, educate, and guide Plaintiff in the use of the Segway machine.

21. Defendant and its agents, servants, and employees either did not posses the appropriate knowledge or failed to abide by their duties to Plaintiff in the following ways:

   a. Failure to instruct Plaintiff;

   b. Failure to provide competent instructors to instruct, educate, and guide Plaintiff;

   c. Failure to provide a reasonably safe area to instruct Plaintiff;

   d. Failure to provide Plaintiff with the appropriate information and knowledge required to operate a Segway;

   e. Failure to appropriate instruct, educate, and guide Plaintiff in the use of the Segway;

 f. Failure to provide the Segway Manual to Plaintiff in advance of her use of the machine;

 g. Failure to provide the appropriate safety precautions identified in the Segway Manual for safe use of Segway including but not limited to:

  i. Providing the manuals including the Getting Started Manual, Reference Manual and Safety Video to Plaintiff to read and educate herself;

  ii. Providing spotter; and

  iii. Requiring Plaintiff to read the manuals.

 h. Negligence *per se*.

 i. Being otherwise negligent.

22. Plaintiff also asserts the doctrines of actual and apparent agency, *res ipsa loquitur*, and *respondeat superior*

23. As a direct and proximate result of the alleged negligence, Plaintiff has and will continue to suffer economic and non-economic damages including but not limited to serious and disabling damage to her body, including but not limited to, damage to her ankle; she has in the past and will in the future incur medical, healthcare, and other expenses, including but not limited to radiology studies, surgery, physical therapy, and other health related expenses; she suffered and will continue to suffer pain, suffering, emotional distress, embarrassment, humiliation and disfigurement, all of which is permanent.

**WHEREFORE**, Plaintiff Johanna Lane demands judgment against Defendant in an amount to be determined at trial but believed to be in excess of one hundred thousand dollars ($100,000.00) in damages, plus costs of this suit, and such other and further relief as this Court deems just and proper.

Dated 2/20/14

Respectfully submitted,

PAULSON & NACE, PLLC

Matthew A. Nace, Bar No. 1011968
1615 New Hampshire Ave., NW
Washington, DC 20009
202-463-1999 – Telephone
202-223-6824 – Facsimile
man@paulsonandnace.com
*Counsel for Plaintiff*

## Jury Demand

Plaintiff, by and through the undersigned counsel and pursuant to Rule 38 of the District of Columbia Rules of Civil Procedure, hereby demands trial by jury of all issues in this matter.

Matthew A. Nace

5

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

JOHANNA E. LANE,

    Plaintiff,

v.

CITY SEGWAY TOURS OF
WASHINGTON, DC,

    Defendant.

Case No. 2014CA001012 B
Judge: Michael O'Keefe
Calendar No.: Civil II Calendar 1
Next Event: Initial Status Conference: 5/23/14
2014 CA 001012 B

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CITY SEGWAY TOURS OF WASHINGTON, D.C.

Pursuant to Rule 34 of the District of Columbia Rules of Civil Procedure, Plaintiff hereby requests that Defendant produce and make available for inspection and copying the original and all non-identical copies of the documents described below. The requested documents are to be made available for inspection and copying at PAULSON & NACE, PLLC, 1615 NEW HAMPSHIRE AVENUE, WASHINGTON, DC 20009 within thirty days of the date of service, unless otherwise stated by the Superior Court Rules of Civil Procedure.

### INSTRUCTIONS

A. These requests require supplemental or amended responses to the extent required by the District of Columbia Rules of Civil Procedure. These requests shall be deemed continuing requests for supplemental responses, so as to require additional responses if you obtain further information after the time responses are served and before the time of trial of this action.

B. With respect to any document that you refuse to produce on the ground of attorney-client privilege, on the ground of privilege for materials prepared in anticipation of litigation or for trial, or on the ground of any other privilege, please state the following:
    a.    the full identity of the document, including the following:
        1.    the date of the document;
        2.    its title (if any);
        3.    its authors, addresses, recipients, or parties;
        4.    the nature of the document (*e.g.*, letter, memorandum, *etc.*);
        5.    the individual or source from whom or from which you obtained it; and

    6. its present location and identity of its custodian;
  b. whether your objection or refusal is directed to the entire document or part thereof;
  c. if your objection or refusal goes to part of the document, specify the specific part(s) of the document to which your objection or refusal is directed;
  d. the specific factual basis which gives rise to the objection or refusal; and
  e. the specific legal ground on which the objection or refusal is based.

C. For the purposes of these requests, the term "document" is used herein in the broadest sense permissible under the District of Columbia Rules of Civil Procedure, and includes the original (or, if the information called for cannot be provided or referred to as the original, then each and every non-identical copy thereof) of any and all writing, graphic matter, or other medium upon which intelligence or information can be recorded or from which he same can be retrieved, and in addition, financial records, corporate records, correspondence (as herein before defined), reports, notes, interoffice and intra-office communications, circulars, announcements, directories, declarations, filings, memoranda, agreements, contracts, legal instruments, studies, work papers, records, instructions, specifications, designs, design drawings, sketches, pictures, photographs, photocopies, charts, graphs, design calculations, curves, descriptions, accounts, journals, ledgers, bills, invoices, check, receipts and the like, motion pictures, recordings, published or unpublished speeches or articles, publications, transcripts of telephone conversations, sound recordings and any other retrievable data (whether encoded, taped, punched, or coded electrostatically, electromagnetically, on computer or otherwise), in the possession, custody or control of defendant or known to defendant(s) wherever located, however produced or reproduced, including any non-identical copy (whether different from the original because of any alterations, notes, comments, initials, underscoring, indication of routing or other material contained thereon or attached thereto, or otherwise) and whether a draft or a final version.

D. The meaning of "relating to" as used herein includes, but is not limited to, referring to, reflecting, bearing upon, pertaining to, being relevant to, and connected with the matter set forth.

E. The term "person(s)" includes a natural person, firm, association, partnership, business, trust, corporation or public entity.

F. The word "you" or "your" means defendant and/or all past or present officers, directors, employees, agents, representatives, general partners, attorneys, or other persons acting or purporting to act for, on behalf of, or with defendant. "You" or "your" also means any affiliate, parent, or subsidiary of defendant.

G. The word "Defendant" means defendant and/or all past or present officers, directors, employees, agents, representatives, general partners, attorneys, or other persons acting or purporting to act for, on behalf of, or with defendant. "Defendant" also means any affiliate, parent, or subsidiary of Defendant.

## REQUESTS FOR DOCUMENTS

1. All records, financial records, bills, invoices, writings, notes or memoranda relating in any way to all of Plaintiff, including,.

2. All records and documents obtained by you pursuant to any authorization, subpoena or notice of deposition *duces tecum* issued in this matter.

3. Produce a copy of the *curriculum vitae* of any expert witness you expect to call at the trial of this action.

4. Produce a copy of all reports, letters, or summaries rendered to you or on your behalf from anyone whom you intend to have testify at trial.

5. Any documents, including log books, which identify all individuals who rendered services to Plaintiff.

6. Any books, articles, or other source considered authoritative by you that involve the occurrence set forth in the Complaint, and any potential adverse consequences of such procedure or treatment.

7. Copies of any and all correspondence sent to you by Plaintiff.

8. Copies of any and all correspondence sent to Plaintiff by you.

9. Any office memoranda or any other documentation that refers, relates, or details that is the subject of the Complaint.

10. Copies of any and all other statements allegedly signed (if written) or allegedly given (if oral) by any other person known, believed, or alleged to be a witness to the occurrences alleged in the Complaint or to have knowledge of other discoverable facts or information pertinent to this litigation.

11. Any and all documents concerning in any way the relationship between Defendant and any other corporate entity that you contend is in any way a responsible party to this action whether named or not.

12. Any and all documents concerning in any way the relationship between Defendant and any agent, servant, and/or employee relative to this action.

13. A copy of any insurance policy which may be relevant to the subject matter of this Complaint, including any umbrella or excess insurance coverage policy.

14. A copy of any and all information provided to Plaintiff regarding instructional use of a Segway in any way, shape, or form.

15. A copy of any videos show to Plaintiff regarding instructional use of a Segway.

Respectfully submitted,

PAULSON & NACE, PLLC

_(signature)_

Matthew A. Nace,
1615 New Hampshire Ave., NW
Washington, DC 20009
202-463-1999 – Telephone
202-223-6824 – Facsimile
man@paulsonandnace.com

*Counsel for Plaintiffs*

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

JOHANNA E. LANE,

    Plaintiff,

v.

CITY SEGWAY TOURS OF
WASHINGTON, DC,

    Defendant.

Case No. 2014CA001012 B
Judge: Michael O'Keefe
Calendar No.: Civil II Calendar 1
Next Event: Initial Status Conference: 5/23/14
2014 CA 001012 B

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT CITY SEGWAY TOURS OF WASHINGTON, D.C.

Plaintiff, by and through undersigned counsel and pursuant to Rule 33 of the Superior Court Rules of Civil Procedure, submits these interrogatories to Defendant CITY SEGWAY TOURS OF WASHINGTON, D.C.. Plaintiff requests that sworn answers to these interrogatories be served upon Plaintiff's undersigned counsel within thirty days of service, unless otherwise stated by the Superior Court Rules of Civil Procedure.

### INSTRUCTIONS AND DEFINITIONS

A.     These interrogatories are continuing in nature, up to and during the course of the trial. Information sought by these interrogatories that you obtain after you serve your answers must be disclosed as the Superior Court Rules of Civil Procedure require.

B.     If you cannot answer all or part of any interrogatory in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what you did in attempt to secure the unknown information.

C.     The term "person(s)" includes a natural person, firm, association, partnership, business, trust, corporation, or public entity.

D.     The word "you" or "your" means Defendants and/or all past or present officers, directors, employees, agents, representatives, general partners, attorneys, or other persons acting or purporting to act for, on behalf of, or with Defendants. "You" or "your" also means any affiliate, parent, or subsidiary of Defendants.

E. The word "document(s)" means all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically or otherwise), from whatever source derived and however and by whomever, produced, reproduced, disseminated or made; without limiting the generality of the foregoing, the word "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, memoranda, notes of meetings, telegram, telexes, facsimiles, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer programs, information kept in computerized storage, computer printouts, and any other writings or documentary material of any nature whatsoever, whether or not divulged to persons other than you, together with any attachments thereto and enclosures therewith.

F. The term "identify" when used with respect to a natural person means to state the following: (1) the full name of the person, (2) his or her current business address and telephone number, (3) his or her position, and (4) a description of his or her responsibilities and knowledge of the substance of the question asked.

G. The term "identify" when used with respect to a person other than a natural person means to state the following: (1) its full name; (2) whether it is a firm, association, business, corporation, partnership, trust, or other entity; (3) the address of its principal place of business; and (4) the subdivision or part of the person most immediately involved with the subject matter of the interrogatory in question.

H. The term "identify" when used with respect to a document means to state the following: (1) the type of document (*e.g.*, letter, article, photograph, computer printout); (2) its date or approximate date; (3) its author or authors; (4) its recipient or recipients, including those persons who received copies of the document; (5) its general subject matter; and (6) its present location or custodian (or the last known location or custodian), or in lieu thereof, attach a copy of the document.

I. The term "identify" when used with respect to a communication or a statement means to: (1) state the mode of communication or statement (*e.g.*, by telephone, electronic mail, oral conversation); (2) state its date or approximate date; (3) identify its author or speaker; (4) identify its recipient or recipients; (5) describe its general subject matter; and (6) identify any and all documents memorializing the communication or statement.

J. The term "identify" when used with respect to a meeting means to: (1) state the location of the meeting; (2) state the date of the meeting; (3) identify who attended the meeting; (4) describe the subject matter of the meeting; and (5) identify any and all documents memorializing the discussions at the meeting.

K. When an interrogatory requires you to "state" or to "state the basis" of a particular claim, contention, allegation, or defense, identify in your answer each and every verbal communication, meeting, and document that you believe supports, refers to, or evidences

such a claim, contention, allegation, or defense, and identify every person having knowledge thereof.

L. When an interrogatory requires you to "describe" a particular matter, give a detailed account, narration, recitation, and report of the question asked.

M. Defendant CITY SEGWAY TOURS OF WASHINGTON, D.C. is hereinafter referred to as City Segways.

## INTERROGATORIES

*Please answer the following interrogatories in accordance with the above instructions and definitions:*

1. State your full name, home and professional address, telephone number, date of birth, marital status, social security number, employer, and employment position.

    **ANSWER:**

2. Do you contend that anyone, whether or not a party to this action, performed any act or failed to perform any act that caused or contributed to any of the injuries suffered by Plaintiff? If so, please identify the acts, omissions, the name of the individuals involved, and state how such acts or omissions caused or contributed to the injuries.

    **ANSWER:**

3. Do you contend that Plaintiff, in any way assumed the risk of any of her acts that you contend caused or contributed to the injury complained of? If so, please identify fully the basis thereof.

    **ANSWER:**

4. Do you contend that any of the injuries or disabilities which Plaintiff claims were caused by the incident were due to a pre-existing medical condition and/or that these injuries were not caused by your actions or inactions, state all the facts upon which you rely. If you make no such contention, so state.

    **ANSWER:**

5. For each agent, employee or servant of City Segways that rendered services to Plaintiff, state that person's name, address, employer, employment position, and relationship to Defendant.

    **ANSWER:**

3

6. Provide the name and addresses of any other agent, employee and/or servant of City Segways that rendered services to Plaintiff, during the time period relevant to this Complaint.

**ANSWER:**

7. State in detail all advice, information, warnings or instructions that you or any of your agents, servants, and/or employees communicated to Plaintiffs, including information given regarding use, operation, and safety relevant to this claim, including the date when you conveyed the communication, the manner (whether written or oral) by which you conveyed the same, and the name, address, telephone number, and job title of all persons who were present or have knowledge of the communication. Please attach to your answers to these Interrogatories a copy of any documentation or record of any such communication as well as a copy of any instructional videos.

**ANSWER:**

8. Describe in full any acts or omissions by you or any of your agents, servants, employees, or co-Defendants that you contend were below the standard of care or not ratified by you.

**ANSWER:**

9. Please provide a detailed summary of the process that City Segways follows before hiring, contracting or employing any individuals who teach, instruct, and offer guided tours to its customers. This answer should include identification of any handbooks or set guidelines utilized by City Segways; description of the actual hiring process including number of interviews, number of recommendations needed, character investigations, professional background checks and other devices used by City Segways to verify the skill of a potential employee.

**ANSWER:**

10. Please state the date when you contracted, hired, and or employed any of the individuals who rendered services in the scope of their employment to Plaintiff.

**ANSWER:**

11. Please provide a detailed summary of the process that City instructs its agents, servants, and or employees to offer instruction, assistance, and overall teaching methods to its customers. This answer should include identification of any handbooks or set guidelines utilized by City Segways.

**ANSWER:**

12. Was an investigation conducted concerning your course of conduct or of any of your agent/employees who is alleged to be negligent in this case? If so, state the name, address

4

and occupation of the person who conducted each investigation; the name and address of the person who requested each investigation to be made; the date on which each investigation was conducted; and the places where each investigation was performed; and the results of each investigation. Please identify and attach to your answer to these Interrogatories a copy of any documentation pertaining to each investigation.

**ANSWER:**

13. With regard to each affirmative defense which you may rely upon, state in detail the specific facts which form the basis for each such defense; the name, address and telephone number of each witness who has knowledge of facts you intend to rely upon in support of each such defense; and a specific description of each exhibit which contains facts or may be relevant and tend to support and prove each such defense, including the name and address of the current custodian of each such exhibit.

**ANSWER:**

14. Identify by name and address each person other than expert witnesses that you intend to call as witnesses on any question at the trial of this case.

**ANSWER:**

15. Identify by name and address any expert that you intend to call as a witness and list for each:

    (a)    the specialty of said expert;
    (b)    the subject matter about which said expert will testify;
    (c)    the substance of the facts about which said expert will testify;
    (d)    the substance of the opinions that said expert will give;
    (e)    the basis for the opinions that said expert will give, including what information, materials, medical records, documents, and discovery said expert reviewed prior to rendering his opinion;
    (f)    the identity of all medical literature on which the expert is expected to rely;
    (g)    please attach a copy of any written report provided by each such expert to you or your counsel; and
    (h)    attach a copy of a current *curriculum vitae* for each said witness.

**ANSWER:**

16. If you contend that the applicable standards of care and treatment and any other issues in this matter are established by articles, treatises, textbooks or other publications in the medical field, state:

    (a)    the title of each publication, i.e., the name of the article, book, magazine, journal, etc.;
    (b)    the name and address of the publisher;

    (c)    the date of the publication; and
    (d)    the name of the author, volume, page and section reference.

**ANSWER:**

17. At the time of the occurrence complained of did you have a policy of liability, including but not limited to any excess coverage or umbrella coverage, covering you against claims arising out of malpractice? If so, please state the name and address of the insurer, the policy number, the effective dates of the policy, the limits of the insurance coverage, and the name and address of the custodian of the policy.

**ANSWER:**

18. Please state whether any electronic record were utilized by you pertaining to this matter and indicate where such records are and produce a copy of such records.

**ANSWER:**

19. State whether you or your counsel has had any *ex parte* communication or any attempts at *ex parte* communication with any of the treating physicians of Plaintiff. If so, identify the treating physician and state the following:

    (a)    Who had the conversation?
    (b)    When did the conversation take place?
    (c)    Who was present at the conversation?
    (d)    The substance of the conversation.
    (e)    Whether any opinions were expressed by the physician at the time of the conversation.
    (f)    If so, what those opinions were.
    (g)    Whether the witness will be called to express any opinions of any nature at the time of trial.

**ANSWER:**

Respectfully submitted,

PAULSON & NACE, PLLC

*[signature]*

Matthew A. Nace, Bar No. 1011968
1615 New Hampshire Ave., NW
Washington, DC 20009
202-463-1999 – Telephone
202-223-6824 – Facsimile
man@paulsonandnace.com
*Counsel for Plaintiff*

7